**XIANG JIANG, Petitioner**

v.

**ATTORNEY GENERAL OF the UNITED STATES, Respondent.**

No. 08–3392.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) May 27, 2009.

Opinion filed: May 28, 2009.

Gary J. Yerman, Esq., Yerman & Associates, New York, NY, for Petitioner.

Sharon M. Clay, Esq., Kevin J. Conway, Esq., Richard M. Evans, Esq., United States Department of Justice Office of Immigration Litigation, Washington, DC, for Respondent.

Before: SLOVITER, STAPLETON and COWEN, Circuit Judges.

OPINION

PER CURIAM.

Xiang Jiang petitions for review of an order of the Board of Immigration Appeals (BIA), which denied his second motion to reopen. Because it appears that the BIA did not consider the evidence that Jiang submitted with his motion, we will vacate the BIA's denial of the motion to reopen and remand for further proceedings.

Jiang is a native and citizen of China. He arrived in the U.S. in 2001 without proper documentation, and applied for asylum and related relief based on a fear of persecution because he had a land dispute with government officials in China. The IJ denied relief, and the Board of Immigration Appeals (BIA) affirmed on September 4, 2003.

Jiang filed a motion to reopen in September 2006, alleging that his asylum case should be reopened due to changed personal circumstances. He stated that he had a traditional marriage with a Chinese woman in the U.S. in March 2003, and they had two daughters thereafter. Jiang alleged that he was eligible for asylum based on his "wife's" opposition and resistance to family planning policy. He argued that his wife was likely to be forcibly sterilized if they were to return to China, and he argued that he would be subjected to a forced vasectomy.

The BIA denied the motion on August 30, 2007, finding that it was untimely because it was filed more than 3 years after the BIA's previous decision. The BIA stated that Jiang did not meet the timeliness exception for motions based on changed country conditions, because all of the evidence Jiang presented with his motion to reopen regarding country conditions was available before his April 2002 hearing before the IJ. The BIA noted that the evidence presented did not support Jiang's assertion that he would be subjected to a forced vasectomy. The BIA also noted that it had recently held in *Matter of S–L–L–*, 24 I. & N. Dec. 1, 10–12 (BIA 2006), that applicants who are not legally married do not qualify for asylum under *Matter of C–Y–Z–*, 21 I. & N. Dec. 915 (BIA 1997); instead, an unmarried applicant must show that he had been (or pre-

sumably would be) persecuted for "other resistance" to a coercive population program.

In February 2008, Jiang, proceeding with a different attorney, filed a second motion to reopen, based on an alleged rise in forced abortions and sterilizations in China.[1] The BIA issued a decision *identical* to the one it issued on August 30, 2007, except that the cite to *Matter of S–L–L* was changed to a cite to *Matter of J–S–*, 24 I. & N. Dec. 520 (A.G.2008). The second opinion, however, is inaccurate, which suggests that the BIA had not engaged in proper review of the second motion to reopen. For example, the second decision states that Jiang provided with his motion the birth certificates of his two daughters "and a small amount of objective evidence which predates July 2000." The opinion also states that "all of the evidence presented with the respondent's motion to reopen pre-dates his April 26, 2002 hearing before the Immigration Judge." Both of these statements are incorrect. With his second motion to reopen, Jiang provided numerous documents; *see* list at A.R. 37–40 (listing 34 exhibits); and most of these exhibits date from 2005–2007.

"[T]he BIA abuses its discretion if it fails completely to address evidence of changed country circumstances offered by a petitioner...." *Zheng v. Attorney General,* 549 F.3d 260, 268 (3d Cir.2008) (quoting *Wang v. BIA,* 437 F.3d 270 (2d Cir. 2006)). The Government notes the BIA's statement that "[e]ven if the evidence was not available and could not have been discovered or presented at the respondent's prior hearing, we note that none of the evidence attached to the respondent's mo-

tion supports his assertion that, as the parent of two daughters, he 'will suffer a forced vasectomy if [he] is forced to return to China.'" A.R. 3. Given the other inaccuracies in the BIA's opinion, we cannot be assured that this sentence, which also appears in the BIA's earlier decision denying Jiang's first motion to reopen, *see* A.R. 381; reflects that the BIA actually examined the materials Jiang submitted.[2]

Given the shortcomings in the BIA's decision, we will vacate that decision and remand for further proceedings. We express no opinion regarding whether Jiang has made a *prima facie* case for reopening based on changed country conditions; we leave that determination for the BIA in the first instance.

---

1. The time and numerical limitations on motions to reopen do not apply to motions to reopen to apply or reapply for asylum based on changed country circumstances. 8 C.F.R. § 1003.2(c)(3).

2. *See, e.g.,* Letter from Villagers Committee of Guanghui Village, noting that Jiang's children would be counted for family planning law purposes once they are registered in Jiang's household registry, and that Chinese citizens with two children will be targeted for sterilization. A.R. 82–83.